UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL HARDY,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF NAPLES; UINTAH COUNTY; and CHAMPION X CORPORATION,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT AND TEMPORARILY GRANTING MOTION TO WAIVE FILING FEE (DOC. NO. 2)**<br><br>Case No. 2:25-cv-00586<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Michael Hardy filed this action without an attorney and without paying the filing fee.[1]  The court temporarily granted Mr. Hardy's motion to waive the filing fee and stayed the case for screening.[2]  Because Mr. Hardy's complaint fails to state a plausible claim for relief under federal law, he is permitted to file an amended complaint by **December 29, 2025**.  The court again temporarily grants the motion to waive the filing fee[3] pending screening of the amended complaint, if any is filed.

---

[1] (*See* Compl., Doc. No. 1; Mot. to Waive Filing Fee, Doc. No. 2.)

[2] (*See* Order Temp. Granting Mot. to Waive Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 8.)

[3] (Doc. No. 2.)

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[4]  In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5]  To avoid dismissal under this rule, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6]  The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[7] But a court need not accept a plaintiff's conclusory allegations as true.[8]  "[A] plaintiff must offer specific factual allegations to support each claim,"[9] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10]

---

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[11] As relevant here, subject-matter jurisdiction may be based on federal-question jurisdiction[12] or diversity jurisdiction.[13]  Federal-question jurisdiction applies to claims "arising under the Constitution, laws, or treaties of the United States."[14]  When determining whether a claim arises under federal law, the court examines only "well pleaded allegations of the complaint."[15]  Alternatively, if only state-law claims are alleged, diversity jurisdiction applies if "complete diversity of citizenship exists between the adverse parties and [] the amount in controversy exceeds $75,000."[16]

Because Mr. Hardy proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[17]  Still, pro se plaintiffs must "follow the same rules of procedure that govern

---

[11] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[12] *See* 28 U.S.C. § 1331.

[13] *See* 28 U.S.C. § 1332.

[14] 28 U.S.C. § 1331.

[15] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (internal quotation marks omitted).

[16] *Id.* at 987 (citation omitted).

[17] *Hall*, 935 F.2d at 1110.

other litigants."[18]  For instance, pro se plaintiffs still have "the burden of alleging

sufficient facts on which a recognized legal claim could be based."[19]  While courts must

make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements,"[20] courts "will not supply additional factual

allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's

behalf."[21]

## ANALYSIS

Mr. Hardy brought this case against the City of Naples and Uintah County (both

in Utah), and Champion X Corporation, a private company in Vernal, Utah.[22]  He alleges

he has been harassed daily for three years by loud noises coming from Champion X's

facility near his home, which the company denied responsibility for.[23]  He believes this

harassment "may involve individuals" coordinating with local government, law

enforcement, or public entities as retaliation against him because he filed a civil rights

---

[18] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[19] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[20] *Hall*, 935 F.2d at 1110.

[21] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[22] (Compl. ¶¶ 4–6, Doc. No. 1.)

[23] (*Id.* ¶¶ 7–10.)

action against a Naples City police officer.[24]  Mr. Hardy claims this retaliation by the City of Naples and Uintah County violated his constitutional rights under 42 U.S.C. § 1983.[25] He also contends Defendants unlawfully conspired under 42 U.S.C. § 1985 to "harass, intimidate, or punish" him.[26]  Finally, he asserts two state-law claims: a claim for private nuisance based on Champion X's noise and a claim for intentional infliction of emotional distress based on Defendants' actions generally.[27]  The complaint fails to state a plausible claim for relief under federal law.[28]

A. 42 U.S.C. § 1983

First, Mr. Hardy fails to state a claim under 42 U.S.C. § 1983.  Section 1983 only provides a recovery mechanism for violations of federal rights in specific circumstances.[29]  "To establish a cause of action under [§] 1983, a plaintiff must allege

---

[24] (*Id.* ¶¶ 11–14.)  Although Mr. Hardy does not identify the case number, he appears to be referring to the suit he filed in this district in March against Officer Robert Magaha and the City of Naples, claiming they violated his constitutional rights by seizing his car without a warrant or providing notice and a hearing.  *See Hardy v. McGaha, et al.*, No. 2:25-cv-00203, (D. Utah Mar. 17, 2025).

[25] (Compl. ¶¶ 15–17, Doc. No. 1.)

[26] (*Id.* ¶¶ 18–19.)

[27] (*Id.* ¶¶ 20–24.)

[28] Mr. Hardy contends this court has federal-question jurisdiction under 28 U.S.C. § 1331, original jurisdiction under 28 U.S.C. 1343 for his civil rights and conspiracy claims, and supplemental jurisdiction over his state-law claims under 28 U.S.C. § 1367. (Compl. ¶ 1, Doc. No. 1.)

[29] *See* 42 U.S.C. § 1983; *see also Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) (describing § 1983 generally).

(1) deprivation of a federal right by (2) a person acting under color of state law."[30]  A local government "may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[31]  "Instead, 'the government as an entity' may only be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"[32]

Here, Mr. Hardy generally alleges the City of Naples and Uintah County, "through their agents," acted under color of law to harass him in retaliation for suing a Naples City police officer.[33]  Elsewhere in the complaint, he alleges "the source of the harassment *may* involve individuals" coordinating with local government, and that "members of a multi-agency task force *may* be involved in coordinating this conduct."[34]  But Mr. Hardy does not allege facts showing any official policy or custom gave rise to his injury.  Accordingly, the complaint fails to state a claim against the City of Naples and Uintah County under § 1983.[35]

---

[30] *Watson v. Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

[31] *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019).

[32] *Id.* (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

[33] (Compl. ¶ 16, Doc. No. 1.)

[34] (*Id.* ¶¶ 11, 14 (emphasis added).)

[35] Mr. Hardy appears to assert a § 1983 claim against City of Naples and Uintah County, not Champion X.  (Compl. ¶ 16, Doc. No. 1.)  Champion X, as a private company, is not subject to suit under § 1983, where there are no allegations it acted under color of state law.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-

B. <u>42 U.S.C. § 1985</u>

Second, Mr. Hardy fails to state a plausible claim for relief under 42 U.S.C.

§ 1985.  Section 1985 prohibits certain conspiracies to interfere with a person's civil

rights.[36]  Although Mr. Hardy does not identify any of § 1985's subsections, he claims

Defendants "entered into a tacit or explicit agreement to harass, intimidate, or punish

[him] for his civil rights lawsuit."[37]  This suggests his claim is likely based on § 1985(2)

or § 1985(3).[38]  The complaint fails to state a claim under either provision.

To start, Mr. Hardy does not allege facts demonstrating a conspiracy claim under

§ 1985(2).  A conspiracy claim under § 1985(2) requires three elements: "(1) a

conspiracy, (2) to deter attendance in court or testimony by force or intimidation or to

injure a witness for having appeared in court or testified, and (3) injury to the plaintiff."[39]

The conspiracy element requires "a meeting of the minds" between "two or more

_____

state-law element of § 1983 excludes from its reach merely private conduct, no matter
how discriminatory or wrongful." (internal quotation marks omitted)).

[36] *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012); 42 U.S.C.
§ 1985(1)–(3).

[37] (Compl. ¶ 18, Doc. No. 1.)

[38] *See* 42 U.S.C. § 1985(2) (addressing conspiracies interfering with judicial
proceedings); *id.* § 1985(3) (addressing private conspiracies depriving rights or
privileges); *cf.* § 1985(1) (addressing conspiracies interfering with federal officials
performing their duties).

[39] *Hogan*, 762 F.3d at 1113; *see also* 42 U.S.C. § 1985(2); *Wright v. No Skiter Inc.*, 774
F.2d 422, 425 (10th Cir. 1985) ("For the purposes of § 1985(2), an individual is deemed
to have 'attended' a court of the United States from the moment that the person files a
complaint." (citation modified)).

persons acting in concert."[40]  A § 1985(2) claim "fails when the complaint does not allege either that the defendant's actions in some way were designed to intimidate or deter the plaintiff from appearing in a judicial proceeding or to injure a person for appearing in court."[41]

Mr. Hardy has not alleged facts sufficient to state a claim for civil conspiracy under § 1985(2).  He generally alleges Defendants entered an agreement, claiming the "coordinated use of after-hours noise, ongoing denials, and local government ties to the involved actors suggest a conspiracy."[42]  Mr. Hardy suggests the noise "may involve individuals" coordinating with local government and a "multi-agency task force."[43]  But it is unclear who is alleged to have agreed to what with whom.  Although conspiracies are often established through circumstantial evidence (since direct evidence of an agreement is rare),[44] Mr. Hardy has not alleged direct or indirect circumstances showing an agreement.  For instance, although Mr. Hardy filed his civil rights suit in March 2025, he claims the noise from Champion X's facility has harassed him daily for three years.[45]  This does not suggest Champion X acted in concert with the City of Naples and Uintah

---

[40] *Id.* at 1114 (quoting *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1129 (10th Cir. 1994)); *Abercrombie v. City of Catoosa, Okla.*, 896 F.2d 1228, 1230 (10th Cir. 1990).

[41] *Hogan*, 762 F.3d at 1114 (internal citations omitted).

[42] (Compl. ¶¶ 18–19, Doc. No. 1.)

[43] (*Id.* ¶¶ 11–14.)

[44] *Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990).

[45] (Compl. ¶¶ 7–10, Doc. No. 1.)

County to harass Mr. Hardy by emitting loud noises in retaliation for his lawsuit.  Where the complaint does not give rise to an inference that Defendants conspired to deter Mr. Hardy's attendance in court or to injure him for having attended, Mr. Hardy fails to state a claim under § 1985(2).  This claim is subject to dismissal.

To the extent Mr. Hardy intends to state a conspiracy claim under § 1985(3), he similarly fails to do so.  To assert a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[46]  This statute applies "only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'"[47]  In other words, the plaintiff "must be a member of a statutorily protected class, and the actions taken by defendant must stem from plaintiff's membership in the class."[48]  Mr. Hardy's allegations are insufficient to state a claim under § 1985(3) because Mr. Hardy does not allege facts revealing a discriminatory animus, nor does he claim to be a member of a protected class.

Further, as explained above, the facts Mr. Hardy alleges do not show a conspiracy.  Mr. Hardy's complaint can be fairly read as alleging a private conspiracy and a conspiracy under the color of state law, but he fails to state a claim under either

---

[46] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)); *see also* 42 U.S.C. § 1985(3).

[47] *Id.* (quoting *Griffin*, 403 U.S. at 101–02).

[48] *Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 746 (10th Cir. 1980).

theory. Section 1985(3) only applies to private conspiracies if they are "aimed at interfering with rights constitutionally protected against private, as well as official, encroachment."[49] The Supreme Court has recognized "few such rights"—the right to be free from involuntary servitude and the right of interstate travel.[50] Because Mr. Hardy does not allege a conspiracy aimed at either of these rights, he fails to state a claim for private conspiracy.[51]

    Mr. Hardy likewise fails to state a claim for conspiracy under the color of state law.[52] Mr. Hardy alleges interference with "his constitutional right to seek redress in

---

[49] *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 833 (1983); *see also Tilton*, 6 F.3d at 686 ("1985(3) applies to private conspiracies only in the event that the right aimed at by the conspiracy is one protected against both public and private interference.").

[50] *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993) (explaining § 1985(3) "does not apply . . . to private conspiracies that are aimed at a right that is by definition a right only against state interference"); *see also Duran v. Cmty. First Bankshares, Inc.*, 92 F. App'x 756, 762 (10th Cir. 2004) (unpublished) ("The Supreme Court has recognized only two rights as protected against private conspiracies under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel, both under the Thirteenth Amendment.").

[51] Champion X is a private entity. Yet Mr. Hardy has not alleged interference with his right to be free from involuntary servitude or right of interstate travel—the two rights the Supreme Court recognized as protected against private conspiracies under § 1985(3). *See Duran*, 92 F. App'x at 762.

[52] *See Carpenters*, 463 U.S. at 830 ("[A]n alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the state is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the state."); *Jackson v. Coons*, 719 F. App'x 732, 733 (10th Cir. 2017) (unpublished) ("[S]tate action or involvement in the alleged conspiracy [is] a required element of a § 1985(3) claim alleging deprivation of First Amendment rights." (citing *Carpenters*, 463 U.S. at 830)); *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1272–73 (10th Cir. 1989) (holding the Fourteenth Amendment's equal protection clause was enforceable

court" under the "First, Fourth, and Fourteenth Amendments."[53]  But he has not named

any individual state actors as defendants.  He has named government entities: the City

of Naples and Uintah County.  But municipal liability under § 1985(3) has the same

limits as municipal liability under § 1983.[54]  To state a claim for municipal liability, a

plaintiff must allege a "direct causal link" between a municipal policy or custom and his

injury.[55]  Mr. Hardy has not alleged a policy or custom of the City of Naples or Uintah

County is linked to his injury.  He has not alleged the existence of any policy or custom

at all.[56]  Accordingly, to the extent Mr. Hardy intended to raise a claim under § 1985(3),

it is subject to dismissal.

    C. <u>State-Law Claims</u>

        Mr. Hardy's remaining claims arise under state law.[57]  Because Mr. Hardy's

claims under § 1983 and § 1985 should be dismissed, the court should decline to

---

against state actors through § 1985(3)); *Lesley v. Bennett*, 778 F. Supp. 3d 1201, 1217–18 (D. Wy. 2025) (concluding that, like First Amendment rights, § 1985(3) claims alleging deprivation of Fourteenth Amendment rights similarly require state action or involvement in the alleged conspiracy, as this amendment "also protects only against state encroachment").

[53] (Compl. ¶¶ 15–19, Doc. No. 1.)

[54] *Galindo v. Taylor*, 723 F. Supp. 3d 1008, 1022 (D. Kan. 2024).

[55] *Id.*

[56] *Cf. Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (explaining that "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State" to constitute state action).

[57] (*Id.* ¶¶ 20–24.)

exercise supplemental jurisdiction over his state law claims.[58]  And where all parties to this case are apparently Utah citizens,[59] Mr. Hardy does not establish complete diversity of citizenship.[60]

* * *

For these reasons, the complaint is subject to dismissal.[61]  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[62]  Accordingly, Mr. Hardy will be given an opportunity to amend his complaint.

---

[58] *See* 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related state law claims "in any civil action of which the district courts have original jurisdiction"); *Estate of Harshman v. Jackson Hole Mt. Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("District courts do not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction."); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.")

[59] (Compl. ¶¶ 3–6, Doc. No. 1.)

[60] *See* 28 U.S.C. § 1332(a); *Dutcher*, 733 F.3d at 985; *see also Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant.").  Claims arising from state law must be brought in state court—unless a federal court has a basis for jurisdiction over the claims (for example, diversity or supplemental jurisdiction).  *Cf. Fletcher v. Summit Food*, No. 18-cv-1220, 2020 U.S. Dist. LEXIS 75194, at *8 (D.N.M. Apr. 29, 2020) (unpublished) ("To the extent the Complaint raises any state law claims for . . . torts, those claims will be dismissed without prejudice.  Plaintiff must re-file those claims in [state court] to obtain relief.").

[61] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[62] *Kay*, 500 F.3d at 1217 (citation omitted).

## CONCLUSION

1.      Mr. Hardy may file an amended complaint by **December 29, 2025**.  The words "Amended Complaint" should appear in the caption of the document.

2.      Mr. Hardy is advised that an amended complaint will completely replace all prior versions of the complaint.  Claims which are not realleged in the amended complaint will be deemed abandoned.[63]

3.      Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[64]

4.      Failure to file an amended complaint may result in dismissal of this action.

DATED this 8th day of December, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[63] *See Tufaro v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("An amended complaint supersedes a prior complaint and renders it of no legal effect.  Failing to replead a claim, when given leave to do so, ordinarily constitutes abandonment when an amended complaint is filed." (citation modified)).

[64] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202025.pdf [https://perma.cc/P5J9-A9YV].